[No. 20706.  Department Two.  December 8, 1927.]

HARRY M. LEE, *as Administrator of the Estate of Thelma Olga Lee, Respondent,* v. H. E. GLEASON COMPANY, *Appellant.*[1]

[1] DEATH (25)—EVIDENCE OF DEATH—SUFFICIENCY. That the death of a pedestrian was the result of an accident, when she was struck and run over by a truck, is based upon a reasonable probability and not upon speculation or conjecture, where it appears that the front part of the truck ran over her, the left rear wheel rested upon one of her thighs, it was lifted, she ·was taken, screaming, to a hospital, and died in fifteen days.

[2] SAME (38)—ACTION FOR CAUSING DEATH—INSTRUCTIONS—"LAST CLEAR CHANCE." In an action for wrongful death of a pedestrian, struck and run over by a truck, in which the defense was that the accident occurred thirty feet from a street intersection when the pedestrian suddenly started to cross the street, requiring "instantaneous" action by the driver of the truck; it is prejudicial error, requiring a reversal, to give an instruction on the doctrine of last clear chance, directly contradicting instructions as to the negligence of the driver in violating provisions of the ordinance as to street intersections, and of the deceased in violating ordinances as to crossing between intersections; since the doctrine of last clear chance does not apply, where defendant is called upon for "instantaneous" action.

Appeal from a judgment of the superior court for King county, Hodge, J., entered December 8, 1926, upon the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death. Reversed.

*Roberts & Skeel* and *N. A. Pearson,* for appellant.

*McClure & McClure* and *Walter S. Osborn,* for respondent.

MAIN, J.—This was an action for a wrongful death. The cause was tried to the court and a jury and resulted in a verdict in favor of the plaintiff in the sum

[1]Reported in 262 Pac. 133.

of $3,766.40. Motion for judgment notwithstanding the verdict and in the alternative for a new trial being made and overruled, judgment was entered upon the verdict, from which the defendant appeals.

The facts are these: The accident out of which the litigation arose occurred at or near the intersection of Seventh Avenue and Pike street in the city of Seattle at about 5:45 p. m. on November 14, 1925. Seventh Avenue extends north and south, Pike street east and west, and has upon it double street car tracks. Thelma Lee, the deceased, together with Myrtle Engemeon, started to cross Pike street from the southeast corner of the intersection and were proceeding, according to the evidence offered by the respondent, on what would be called the crosswalk or place where pedestrians are required to cross. A Dodge truck, owned by the appellant and operated by one of its employes, was proceeding east on Pike street. The truck struck the two girls when they were a few feet south of the south street car track, the front part of the truck passing over them. When the truck stopped, Miss Lee was under the truck, with the right hind wheel resting upon or against one of her thighs. The truck was lifted; she was taken screaming to the sidewalk. It is an admitted fact that she died on November 29, 1925, or fifteen days after the accident. The administrator testified that the hospital and doctor's bill was $276 and the funeral expenses $490. At the time of the accident, Miss Lee was twenty-three years of age and in good health.

The evidence introduced on behalf of the appellant tended to show that the accident occurred twenty or thirty feet east of what would be the crosswalk on the east side of the intersection, and that the two girls stepped into the street from in front of a car that was parked against the curb and were struck very shortly

afterwards by the truck. The mother of the deceased was sixty-five years of age at the time and the father eighty-nine and they were dependent upon her for support. At the conclusion of the plaintiff's evidence and at the conclusion of all the evidence, the appellant challenged the sufficiency thereof and moved for a directed verdict. At neither time in the motion was any particular defect in the testimony pointed out. Both motions were overruled, and the cause went to the jury with the result above indicated.

[1] It is first contended that there was a failure of proof, in that the evidence did not proximately establish that the death of Miss Lee was the result of the accident. It must be admitted that the evidence in this respect is far from satisfactory. Why the attending physician or nurse, or some one else who might know the facts was not called to testify directly as to what produced the death of Miss Lee, we do not know. We must, however, take the case as we find it and dispose of it as the law requires. The burden, in the first instance, was upon the respondent to show that the death was the proximate result of the accident. There being no direct evidence as to what caused the death, the question is reduced to whether the facts above stated are sufficient to justify the jury in drawing the inference that the death was the proximate result of the accident. There was no evidence offered by the defendant proving, or tending to prove, that death was produced by any other cause. Under the facts stated, it seems to us that reasonable minds would conclude that there was a greater probability that death was caused by the accident rather than from any other cause. In *St. Germain v. Potlatch Lumber Co.*, 76 Wash. 102, 135 Pac. 804, it is said:

"It is sufficient if his evidence affords room for men of reasonable minds to conclude that there is a greater

probability that the accident causing the injury happened in such a way as to fix liability upon the person charged with such liability, than it is that it happened in a way for which the person so charged would not be liable."

If there is a greater probability that the death was the result of the accident rather than of any other cause, then the verdict does not rest upon speculation or conjecture. In *Frescoln v. Puget Sound Traction, L. & P. Co.,* 90 Wash. 59, 155 Pac. 395, it is said:

"The cause of an accident may be said to be speculative when, from a consideration of all the facts, it is as likely that it happened from one cause as another. As soon as the balance of possibilities is broken, the jury is put to the burden of weighing the evidence."

In *Ohrstrom v. Tacoma,* 57 Wash. 121, 106 Pac. 629, it is said:

"This was not a case such as appears in many of the cases relied upon by appellant, where death might have occurred from several present causes, for some of which a defendant might be responsible and for others not, and it was held that the jury should not be permitted to speculate as to which one of these causes produced death. Here there was no other cause shown in the evidence which might have produced the condition existing."

There being no evidence that the death of Miss Lee was caused by anything else, we think that the verdict of the jury, finding that death was the result of the accident, is based upon a reasonable probability and not upon speculation or conjecture.

The appellant cites the case of *Northern Pac. R. Co. v. King,* 181 Fed. 913, as "closely in point." There, the question was whether death could be established by hearsay evidence, and it was said that there could be no inference of death arising from the amputation of a leg, it having been shown that the party for whose

death the recovery was sought had lived a week or ten days after the injuries sustained and the amputation of the leg. Here, the fact of death is admitted, and the only question is whether the other facts in the case can furnish the basis for an inference that that death was produced by the accident. The other cases cited by the appellant are less closely in point and, while they have all been examined, it would serve no useful purpose to review them here in detail.

The respondent relies with considerable assurance upon the case of *Sorenson v. Northern Pac. R. Co.*, 36 Fed. 166, but that case does not touch the question which we have here for determination. There, physicians called by the respective parties differed in their opinions as to the cause of death, and the court said that, where medical witnesses disagree in opinion and theory, the undisputed history of the case is often the most satisfactory and controlling fact. In the present case, there was no medical or other testimony as to what produced the death and nothing that could be called the history of the case.

If the accident happened as the evidence on the part of the respondent tends to show, the cause of action is a just one and the dependents of the deceased are entitled to compensation. If it happened as the evidence offered on the part of the appellant tends to prove, there would be no liability. This presented distinctly a question of fact for the jury and the finding was in favor of liability. The trial court did not err in refusing to take the case from the jury.

It is further argued that the legitimacy of the deceased was not established. This contention is not meritorious and does not require discussion.

[2] The next question is whether a new trial should have been granted on the ground of error in the instructions given to the jury. In instruction number 1,

the jury were told that, before there could be a recovery, the respondent must prove by a fair preponderance of the evidence that the appellant was negligent in one or more of the particulars charged in the complaint and that such negligence was the proximate cause of the damage. In instruction number 2, three sections of the traffic ordinance of the city of Seattle are first set out and are followed with the statement that the ordinance is positive law and, if the appellant in the operation of the truck violated any of the above provisions, he was guilty of negligence as a matter of law; and, if the deceased was not guilty of contributory negligence, the verdict must be for the plaintiff.

It is not here stated that the violation of the provisions of the ordinance must have been the proximate cause of the accident. Further in the instruction, three other sections of the ordinance are set out, one of which provides that "pedestrians shall not step into that portion of the street open to moving traffic at any point between intersections in the business district except to board a street car or to enter a safety zone at right angles." Following this, the jury were told that the requirements of the ordinance were positive law, and if the deceased violated any of them she was negligent and if the negligence contributed to the accident there could be no recovery. In instruction number 5, the jury were told that "it is not unlawful for a pedestrian to cross the street between intersections . . ."

It seems to us that this instruction and the previous one are directly in conflict. Instruction number 3, without so designating it, was obviously intended to cover the doctrine of "last clear chance." As we view it, there was no question of last clear chance in the case. If the respondent's theory is correct, the deceased was not guilty of negligence in any respect.

Before the doctrine of last clear chance can be applied, it is one of the essentials that the person injured must have been negligent and have thereby been put in a position of danger. *MacDonald v. Seattle,* 126 Wash. 1, 217 Pac. 39. If the appellant's theory of the case is correct, the doctrine of last clear chance cannot apply, because the deceased and Miss Engemeon came suddenly into the street twenty or thirty feet from the intersection and into the path of the moving truck. The driver of the truck, if he had seen them, which he says he did not, owing to being blinded by the lights of an automobile then approaching from the opposite direction, would have been required to act instantaneously. In the case of *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684, referring to the doctrine of last clear chance, it was said:

"This doctrine can never arise where the party charged is required to act instantaneously. It presupposes contributory negligence, and where that negligence creates instantaneously a dangerous situation, without an appreciable lapse of time in which to avoid it, there is no room for its application."

There are other objections to the instructions, some of which may be well taken, but it is unnecessary here to review them, as the errors already pointed out require a reversal. Upon a new trial, it appears to us that the jury could better be instructed by giving a few well worded concise instructions covering the issues, in addition to the ordinary stock instructions given in such cases. The issues on the question of liability are simple, clear and distinct. They are: First, was the driver of the truck negligent and, if so, did that negligence proximately cause the accident; second, was the deceased guilty of contributory negligence which contributed to the accident; and third, if the driver of the truck was negligent and the deceased was not guilty

of contributory negligence, was the death proximately produced by the accident.

The judgment will be reversed, and the cause remanded with direction to the superior court to grant a new trial.

MACKINTOSH, C. J., FULLERTON, and ASKREN, JJ., concur.

HOLCOMB, J. (specially concurring)—There was no direct evidence that the deceased died as the result of the broken leg. She did not die for fifteen days after the accident. To my mind, it is a very grave question whether, in the absence of such proof, anything other than mere conjecture or speculation exists as to the death being attributable to the accident.

The cases quoted on this point all involved and discussed the origin, or means, probably causing the injury, shown circumstantially, and resulting in death immediately, or in a short time.

Nor do I think that any weight should be attached to the lack of evidence on the part of defendant proving, or tending to prove, death by some other cause. There was no burden upon defendant to offer such proof.

However, since the death was admitted by appellant, even though its cause was generally denied, respondent was probably easily and inadvertently caused to omit such proof.

I therefore concur in the result herein.