[No. 35663. *En Banc.* December 21, 1961.]

MARY E. GREGORY, *as Administratrix, Appellant,* v. TED SHANNON *et al., Respondents.*\*

*Foster & Foster* (*Donald J. Horowitz,* of counsel) and *June Fowles,* for appellant.

*O'Leary, Meyer & O'Leary,* for respondents.

OTT, J.—July 21, 1958, Louis A. Gregory, as a result of an automobile accident, sustained a fractured sternum and other injuries. He was treated for the injuries by Dr. Ralph Brown. September 13, 1958, Dr. Brown referred him to Dr. J. M. Burkhart, who saw him thereafter at periodic intervals and, in addition to treating him for the injuries sustained in the accident, treated him for pre-existing

\*Reported in 367 P. (2d) 152.

bronchial asthma and a heart condition. November 18, 1958, Mr. Gregory went to Dr. Burkhart's office. He was short of breath and extremely ill. Mr. Gregory was immediately sent to a hospital, where he died the following day.

His widow, as administratrix of his estate, commenced this action against the defendants Ted Shannon and Jane Doe Shannon, his wife, and Delbert L. Wisbey, to recover damages for the death of her husband, for his pain and suffering during his lifetime, and for property damages. The defendants admitted legal liability for the accident and the resulting property damage, but denied that there was any causal relationship between the injuries sustained by the deceased and his death.

The case was tried to a jury. After both parties had rested, the court, upon defendants' motion, withdrew from the jury's consideration the causes of action for personal injuries and wrongful death, upon the ground that the evidence was insufficient to establish a causal relationship between the injury and the death.

Judgment was entered accordingly. The plaintiff has appealed.

The cause is before this court on a short record, consisting only of the testimony of Dr. Burkhart and the oral ruling of the court on respondents' motion. The appellant has designated the point to be considered on appeal (Rule on Appeal 34(3), RCW Vol. 0) as follows:

"The court erred in granting defendant's motion to dismiss plaintiff's first and second causes of action upon the basis that plaintiff's evidence failed to prove that the injury and death occurred as a result of the negligence of the defendant."

During the trial, it was established that the immediate cause of death was " 'heart failure which involved pulmonary edema and pneumonia, and also with a possible heart attack or coronary.' " The appellant's theory is that the motivating cause of the heart failure was decedent's injury as a result of the accident, and particularly the fracture of the sternum. Respondents' theory is that physical ailments antedating the accident brought about the death,

and that no causal relationship exists between the injuries sustained in the accident and the demise of Mr. Gregory.

RCW 4.20.010 provides in part as follows:

"When the death of a person is *caused* by the wrongful act, neglect or default of another his personal representative may maintain an action for damages against the person *causing* the death; . . ." (Italics ours.)

■ By challenging the sufficiency of the evidence, the respondents admit its truth, and all inferences that can reasonably be drawn therefrom. In ruling upon the motion, the trial court must interpret the evidence in the light most favorable to the party against whom the motion was made (appellant), and most strongly against the movant party (respondents). *Wolf v. Washington Hospital Ser. Ass'n,* 52 Wn. (2d) 518, 326 P. (2d) 1015 (1958). The most favorable testimony of Dr. Burkhart on this point was as follows:

"Q. Yes. What is your opinion, Doctor, after having reviewed the case, looked at the man and treated him, heard his statement to you of the kind of injury that he sustained, of the relationship between this injury and his decline and death? A. I think it is definitely related. . . .

"[Cross-examination] Q. Right. And, Doctor, you cannot with any medical certainty state that he wouldn't have died in the manner and the time he did whether or no there had been an accident, can you? A. I feel that there was definitely a relation. . . . Q. Was it the efficient cause? . . . A. I don't know what you mean by 'efficient cause.' Q. The primary cause. A. No; I think it was the exciting cause. . . . Q. 'Doctor, could you or could you not with any medical certainty state that his death was caused by the accident of July 21, 1958?' Now, what is this term 'exciting,' Doctor? A. That is sort of the trigger that sets off a mechanism that is already there."

■ Applying the rule to the above-quoted facts, it is for the jury to decide whether or not the trauma which triggered the mechanism already present was the primary or most probable cause of death. *Thiel v. Department of Labor & Industries,* 56 Wn. (2d) 259, 352 P. (2d) 185 (1960); *Bland v. King Cy.,* 55 Wn. (2d) 902, 342 P. (2d) 599, 351 P. (2d) 153 (1959); *Sawyer v. Department of Labor & In-*

204

*dustries*, 48 Wn. (2d) 761, 296 P. (2d) 706 (1956); *Lee v. H. E. Gleason Co.*, 146 Wash. 66, 262 Pac. 133 (1927).

The trial judge relied upon our decision in *Bland v. King County, supra*. In that case, the doctor testified in terms of possibilities and probabilities. He did not affirmatively connect the death to the injury. Dr. Burkhart's testimony in the instant case was that the injury was the exciting cause which triggered death. It is that salient fact which distinguishes the *Bland* case from the one now before us.

We hold that the testimony of Dr. Burkhart was sufficient to establish a prima facie case of causation.

The judgment is reversed, and the cause remanded with instructions to grant a new trial.

FINLEY, C. J., HILL, DONWORTH, WEAVER, ROSELLINI, and HUNTER, JJ., concur.

MALLERY and FOSTER, JJ., did not participate.