[No. 36962. Department One. April 2, 1964.]

LENA P. BOYD, *Respondent,* v. THE CITY OF EDMONDS, *Defendant,* SUBURBAN TRANSPORTATION SYSTEM, *Appellant.*\*

\*Reported in 390 P. (2d) 706.

*Lycette, Diamond & Sylvester,* for appellant.

*Shepherd & Slater* and *William A. Wilson,* for respondent.

JAMES, J.†—Three assignments of error are asserted in this appeal from a judgment entered on a verdict in favor of plaintiff Lena P. Boyd and against defendant Suburban Transportation System. Their disposition requires a consideration of the evidence offered in support of plaintiff's assertion that she was injured as a result of negligence attributable to the defendant Suburban Transportation System. The jury found for the defendant City of Edmonds. Suburban Transportation System is the sole appellant.

The following facts are not disputed. The respondent is a lady 78 years of age and was a paying passenger upon a bus operated by the appellant. Immediately prior to the incident in question, the bus driver experienced difficulty with the motor. Instead of stopping the bus at the curb in conformity with usual practice, the driver stopped out in the roadway approximately 6 to 8 feet from the curb. The roadway was surfaced with asphaltic pavement for approximately 12 feet on either side of its center line. The area between the edge of the pavement and the curb of approximately 6 to 8 feet, was surfaced with gravel. When stopped at the curb, under normal conditions, the lowest step of the bus is approximately 4 to 6 inches from the sidewalk.

There is substantial evidence from which the jury could have found that (1) respondent fell as she attempted to step from the lowest step of the bus to the ground, (2) the height of the lowest step at the point where the bus was stopped was from 22 to 24 inches instead of the usual 4 to 6 inches, (3) the bus stopped at a point where the lowest step

---

†Judge James is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

was directly adjacent to a chuck-hole in the street some 36 inches in diameter and approximately 3 inches deep, (4) the bus driver gave no warning to the respondent or admonishment to exercise care in stepping from the bus because of the increased height of the last step, (5) the bus driver offered no assistance to respondent as she stepped from the bus, (6) no handrail was available to respondent as she stepped from the bus.

Appellant's first and third assignments of error challenge the sufficiency of the evidence as a basis for the verdict and will be considered as one. Appellant concedes that its challenge requires it to admit the truth and accuracy of respondent's evidence and all inferences which can be reasonably drawn therefrom and that the court must interpret the evidence in the light most favorable to the respondent. *Gregory v. Shannon,* 59 Wn. (2d) 201, 367 P. (2d) 152. Appellant also acknowledges that as a common carrier for hire, it owed to the respondent the highest degree of care commensurate with the practical operation of its bus at the time and place in question. *Peterson v. Seattle,* 51 Wn. (2d) 187, 316 P. (2d) 904.

Appellant argues, however, that in view of respondent's testimony that there was nothing to impair her vision and that she looked as she stepped down, the only permissible conclusion is that the sole proximate cause of the accident was the respondent's misjudgment of the height of the last step and that, therefore, the appellant had no duty toward her. This argument simply ignores the common carrier's obligation toward its passengers. It is the duty of a carrier to select a safe place for its passengers to alight and a passenger has the right to assume that such a selection was made unless the danger was obvious. *Jackson v. Seattle,* 15 Wn. (2d) 505 131 P. (2d) 172. A duty to exercise the highest degree of care is certainly breached by a failure to exercise some care. True, the quantum of care to be exercised must be proportionate to the degree of danger inherent in the particular circumstances. *Peterson v. Seattle, supra.*

Whether or not appellant's driver should have permitted his passengers to leave the bus at the time and place in question; whether or not he should have warned the elderly respondent of the excessively high step; whether or not he should have stepped out of the bus to assist her; and whether or not either action would have been commensurate with the practical operation of the bus were properly questions of fact for the jury.

The trial court did not err in failing to dismiss at the close of respondent's case, nor in failing to grant the appellant's motion for a new trial.

Appellant's second assignment of error is assigned to the trial court's failure to give proposed instruction No. 10, which reads as follows:

"There is no duty to warn a boarding or an alighting passenger of danger of which the passenger knows or should know in the exercise of reasonable care."

The trial court instructed the jury with reference to the duty to warn of danger in instruction No. 6, as follows:

"The mere stopping of a public carrier at a place other than a regular stopping place is not, in and of itself alone, actionable negligence. Where such a stop is made, however, it becomes the duty of the carrier to use the highest degree of care commensurate with the practical operation of the bus to protect the passenger from injury in alighting from the bus. Whether or not it was a duty to warn of danger or take some other action to protect the passenger, depends on whether or not the driver of the bus knew or should know of the danger, whether or not the passenger is aware of the danger, whether or not there is any unusual danger or defect at the place of alighting from the vehicle, whether or not the passenger for some reason is in need of help in alighting from the bus, and whether or not from all the conditions and circumstances at the time and place, help or warning or both are required in discharging the duty which the carrier has to a paying passenger."

What has been said in disposing of the first and third assignments of error is equally applicable to the second. Whether or not an excessively high step to the ground is a danger which should be obvious to a 78-year-old lady is a question of fact.

The trial court's instruction was a complete, fair and accurate statement of the law as required by the facts in this case and it was not error to refuse appellant's requested instruction No. 10.

The judgment is affirmed.

Ott, C. J., Hill, Rosellini, and Hunter, JJ., concur.

\*Reported in 390 P. (2d) 694.