CORA MEELHEIN AND GEORGE MEELHEIN, PLAINTIFFS-APPELLANTS, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT AND JOHN HAMITY, DEFENDANTS-RESPONDENTS.

Submitted May 27, 1938—Decided September 16, 1938.

For the appellants, *Huyler E. Romond.*

For the respondents, *Henry H. Fryling* (*William F. Vosseler,* of counsel).

The opinion of the court was delivered by

WALKER, J. This case was tried before the Middlesex Circuit of the Supreme Court, and at the close of the plaintiffs' case a nonsuit was entered on motion of the defendant, and the correctness of said ruling is the subject of this appeal.

The plaintiffs, at the trial below, had the burden of the affirmative (*Bien* v. *Unger et al.,* 64 *N. J. L.* 596; *McGilvery* v. *Newark Electric Light and Power,* 63 *Id.* 591), and they had to establish facts from which the alleged negligence of the defendant may be reasonably inferred. *Alvina* v. *Public Service Railway Co.,* 97 *Id.* 526. They attempted to support the burden by proving that the driver of the defendant's motor bus stopped said bus on Hall avenue, that is, on a steep grade, and at a distance of twelve to twenty inches from the curbing. Mr. Meelhein alighted first and safely, and Mrs. Meelhein who was pregnant at the time, and had been so for seven and one-half months, fell to the street, while alighting, and sustained injuries.

The defendant was under the duty of using "a high degree of care" for the safety of its passengers (*Whelan* v. *Consolidated Traction Co.,* 61 *N. J. L.* 606; *Spalt* v. *Eaton,* 118 *Id.* 330, and *Wall* v. *G. R. Wood, Inc.,* 119 *Id.* 442), and of providing a reasonably safe place for them to alight. *Pabst et al.* v. *Public Service Railway Co.,* 104 *Id.* 537.

It is, in addition to the foregoing, contended by the plaintiffs that the defendant owed a greater degree of care to Mrs. Meelhein than the ordinary person, because she was under a physical handicap, but an examination of the testimony fails to disclose knowledge in the defendant of said physical handicap. At its best, the evidence in this regard is a statement at the trial, of pregnancy at the time of accident, without showing either actual knowledge in the defendant, through its servants, agents and employes, or such facts as might raise a question as to whether the driver should not have known the alleged existing condition by reason of common knowledge and observation.

Therefore, taking as true the stopping of a common carrier's motor bus on a steep grade, and from twelve to twenty inches from the curbing, without more, and giving thereto the benefit of all legitimate inferences deductible therefrom (*Jones* v. *Public Service Railway Co.,* 86 *N. J. L.* 646; *Fox* v. *Great Atlantic, &c., Co.,* 84 *Id.* 726), we must determine whether or not same violated the defendant's duty of using

a high degree of care for the safety of the plaintiffs, and of providing a reasonably safe place for them to alight, and we conclude that such proof standing alone, is insufficient to impose upon the defendant the burden of going forward, and therefore, the ruling of the trial court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ.   16.

*For reversal*—None.