MILDRED DEL VECCHIO, PLAINTIFF-APPELLEE, v. HAFLIN BUS CO., DEFENDANT-APPELLANT.

Argued October 1, 1946—Decided January 27, 1947.

Before Justices PARKER and DONGES.

For the plaintiff-appellee, *Albert A. Sann* and *Abraham J. Slurzberg*.

For the defendant-appellant, *Alan Kraut*.

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the First District Court of Jersey City in favor of the plaintiff against the defendant.

Plaintiff brought suit to recover for personal injuries sustained by her as the result of a fall sustained when she stepped down from a bus of the defendant upon which she had been

a passenger. At 7:30 P. M. on November 12th, 1944, plaintiff attempted to alight from defendant's bus at the intersection of Liberty Avenue and North Street in Jersey City. The bus driver stopped the bus at plaintiff's signal but, according to the testimony for the plaintiff, did not pull the bus in against the curb but stopped with its right side about four feet from the curb. There was no parked car or other obstruction to prevent the bus being drawn to the curb. The street at the point was paved with cobble stones. The only street light at the corner in question was in such a position that the bus blocked the light, casting the particular spot where plaintiff stepped off in darkness and shadow. There was a crown on the street and the position of the bus caused a space down which plaintiff must step of from 15 to 18 inches. There was no light on the bus step and the plaintiff, in order to alight at the place which. the bus driver selected for her to get off, was forced to step in darkness. In doing so she fell and sustained the injuries for which suit was brought.

The District Court Judge, sitting without a jury found a verdict for the plaintiff Mrs. Del Vecchio, after denying a motion for nonsuit at the close of plaintiff's case. He found a verdict of no cause of action as to Mr. Del Vecchio, who was also a plaintiff below, on the ground that there was no proof of damages as to him.

Defendant-appellant has written down five specifications of determinations of the court below with which it is dissatisfied in point of law. The first of these raises the propriety of the action of the trial judge in denying the motion for non-suit. Three grounds for this motion were advanced. First that the proofs in plaintiff's case were not consistent with the pleadings. It is true that, among the allegations of negligence in the state of demand, plaintiff did not precisely allege the failure to stop the bus at a safe place for passengers to alight. However, the trial judge, upon the motion for nonsuit, gave leave to amend, and we think the amendment was one within the statute, *R. S.* 2:27–133, permitting amendments at the trial to overcome variance between pleading and proof, which are not misleading to the adverse party. The allowance of such an amendment was discretionary, *Valiant* v.

*Plaza Realty Co.*, 7 *N. J. Mis. R.* 340, and there was no abuse of such discretion in this case.

The motion for nonsuit was also urged on the grounds that there was no proof of negligence on the part of the defendant and that the plaintiff was guilty of contributory negligence. These, we think, were clearly questions of fact. The plaintiff was a passenger upon a common carrier to whom the defendant owed a high degree of care. *Schott v. Weiss*, 92 *N. J. L.* 494. It was the duty of the defendant, through its driver, to stop the bus at a point where it was reasonably safe for the plaintiff to alight. *Sullivan v. Coast Cities Coaches, Inc.*, 126 *N. J. L.* 300; *affirmed*, 127 *Id.* 226. Under the proofs in this case questions of fact were presented to the trier of the facts and this court will not reverse the District Court unless there is no evidence upon which the judgment may rest.

What has been said with respect to the nonsuit applies with equal force to specification five, which raises the refusal of the trial court to enter judgment for the defendant at the close of the entire case. This, too, involved questions of fact.

The other three specifications attempt to raise questions concerning the rulings of the trial court upon the admission or rejection of evidence. It is settled that upon appeal from the District Court the specifications must specifically point the judicial action complained of, and where rulings on evidence are sought to be raised, should state the questions or answers objected to and ruled upon by the trial judge. *Terminal Cab Co. v. Mikolasy*, 128 *Id.* 275. The specifications here are couched in general terms and do not quote the questions and answers involved.

The judgment under review will be affirmed, with costs.