MASSIMO GRECO, PLAINTIFF-APPELLANT, v. PUBLIC SERVICE INTERSTATE TRANSPORTATION COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued October 17, 1946—Decided February 3, 1947.

For the appellant, *Edward V. Martino.*

For the respondent, *Carl T. Freggens* (*Henry J. Sorenson,* of counsel).

PER CURIAM.

Appellant was a passenger aboard the motor bus of respondent and had given notice to the bus operator that he desired to alight from the bus at a designated bus stop. The operator did not stop at the designated point but continued across the intersection and, shortly beyond the far corner thereof, stopped the bus immediately adjacent to a driveway running into a gasoline station. In alighting therefrom appellant fell to the surface of the driveway, sustaining certain injuries. He instituted suit against respondent charging failure to exercise reasonable care to see that the place selected for him to alight from the bus was a safe place for that purpose.

At the trial of the matter it was sought to be shown for appellant that he was unaware that he was stepping from the bus to the driveway but rather thought he was stepping onto the curb and that the point of discharge was unsafe because of the darkness.

The accident happened at 10:00 o'clock in the evening and it is shown that there was a street light within a few feet of the alighting point and directly over the bus which caused a shadow at the point of stepping from the bus. Appellant's wife testified that this light was directly above the driveway. The interior lights of the bus were on as was a "step light" which cast an illumination at the bus step and on the street surface.

It is clear from the testimony of appellant himself and of his wife that the driveway was one of usual and ordinary

construction and that its surface was clear and smooth and free of defect.

The trial court denied motion for nonsuit made by respondent at the close of appellant's case but granted a motion for direction of verdict in favor of respondent at the close of the trial. It is from the judgment entered upon this direction of verdict that appeal is taken.

It is the contention of appellant that a jury question was made out and that it was error for the trial judge to direct the verdict against him.

Giving to appellant every proper and reasonable inference to be drawn from the testimony, we conclude that reasonable men ought not to differ in the finding that respondent, in the exercise of the high degree of care for the safety of its passengers to which it is held, did provide a reasonably safe place for appellant to alight from its bus and was otherwise free of actionable negligence. *Cf. Meelhein* v. *Public Service Co-ordinated Transport,* 121 *N. J. L.* 163.

The judgment appealed from is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 16.

*For reversal*—None.