MILLS, APPELLEE, *v.* CITY OF CLEVELAND, APPELLANT.

(No. 22969—Decided February 15, 1954.)

*Messrs. Woodle & Wachtel,* for appellee.
*Mr. Robert F. Mooney* and *Mr. Patrick F. Doyle,* for appellant.

HUNSICKER, J.  This is an appeal on questions of law from the Municipal Court of Cleveland, Ohio.

On June 15, 1950, Anna H. Mills, the plaintiff below, appellee herein, was a passenger on a bus operated by the city of Cleveland, the defendant below, appellant herein.  Mrs. Mills indicated that she wished to leave the bus near the intersection of Ontario Street and Prospect Avenue, a place where such bus regularly discharged passengers.  The bus driver stopped the bus on Ontario Street, several feet from the east or right-hand curb.  As Mrs. Mills stepped from the bus, she fell and sustained certain bodily injuries.

In an amended petition, filed by Mrs. Mills, she claimed that the city was guilty of negligence in the following respects:

"1. In failing to provide for the plaintiff a safe place at which to alight from said vehicle.

"2. In failing to bring the bus to a stop at the curb at the place provided for that purpose by the defendant.

"3. In causing and permitting the bus to stop near the middle of Ontario Street, a distance of several feet from the easterly curb of said thoroughfare.

"4. In failing to warn the plaintiff and to caution her with reference to the unusual height from the lowest step of the bus to the street level.

"5. In causing said bus to move or jerk at the time the plaintiff was alighting from the same.

"6. In failing to maintain said bus stationary at a time when the doors had been opened for passengers to

alight, and when plaintiff was alighting from the same.''

The trial court withdrew from the consideration of the jury specification number 2, and submitted the other specifications of negligence to the jury.

The trial court gave to the jury, at the request of the plaintiff, the following instructions before argument:

Plaintiff's request No. 1:

"Section 2403-14 of the Municipal Code of Cleveland, in effect on June 15, 1950, provided:

" 'No person shall stand or park a vehicle or trackless trolley in a roadway other than parallel with the edge of the roadway headed in the direction of traffic, and with the right wheels of the vehicle not more than one foot from the curb or the edge of the roadway, unless it is impossible to approach so close to the curb, and in such case the stop shall be as close to the curb as possible and only for the time necessary to discharge and receive passengers, or to load or unload merchandise, except upon those streets which have been marked or signed for angle parking, vehicles shall be parked at an angle to the curb indicated by such mark or sign.' ''

Plaintiff's request No. 3:

"If you find from a preponderance of the evidence in the case that the bus, upon which the plaintiff was a passenger, stopped to discharge passengers at the intersection of Ontario Street and Prospect Avenue at a distance of more than one foot from the easterly curb of Ontario Street, and if you further find that it was not impossible for the bus to stop in the loading and unloading zone provided therefor on Ontario Street immediately north of Prospect Avenue, then and in that event you must find that the operator of the bus was guilty of negligence as a matter of law in so doing.''

Plaintiff's request No. 4:

"If you find that the operator of the bus, upon which the plaintiff was a passenger, brought the same to a stop at a distance of more than one foot from the easterly curb of Ontario Street, and if you further find that it was not impossible for the bus to stop in the loading and unloading zone provided therefor on Ontario Street immediately north of Prospect Avenue, and if you further find by a preponderance of the evidence that the location at which the bus was brought to a stop caused or contributed to cause the injury suf-. fered by the plaintiff, then your verdict must be for the plaintiff."

In the course of the general charge to the jury, the trial court said:

"Now there are various ordinances that have been in effect and we read them to you before. You will have them in your jury room and if it applies to this case, you apply it. I say to you that the violation of any of these ordinances or statutes constitutes a prima facie case of negligence. If you find by a preponderance of the evidence that the defendant violated such statutes or ordinances and that such violation was the proximate cause of the accident, then you are to find for the plaintiff."

The city of Cleveland, after the instructions by the court, submitted to the jury two special interrogatories, as follows:

"1. Do you find from the evidence in this case that the defendant was negligent?"

The jury answered this interrogatory in the af-firmative.

"2. If your answer to interrogatory No. 1 be in the affirmative, please state below in what respect or respects you find that the defendant was negligent."

The jury answered this interrogatory as follows:

"We the jury deciding this verdict feel the company was negligent for failing to place said bus at curb as

required in paragraph No. 3 (No. A17673 in amended petition)." (*sic*)

The jury returned a verdict for Mrs. Mills in the sum of $2,500. The city of Cleveland then moved for judgment notwithstanding the verdict, or for judgment in accord with the special finding of the jury. This motion was overruled and judgment entered on the verdict.

The city of Cleveland thereafter perfected an appeal to this court from the judgment so entered, alleging:

"Error of the trial court prejudicial to the rights of the defendant in overruling the defendant's motion for judgment in its favor and in entering judgment on the verdict of the jury in favor of the plaintiff."

In *Masters* v. *New York Central Rd. Co.*, 147 Ohio St., 293, 70 N. E., 898 (certiorari denied, 331 U. S., 836, 67 S. Ct., 1519, 91 L. Ed., 1848, rehearing denied, 332 U. S., 786, 68 S. Ct., 33, 92 L. Ed., 369), the court said in paragraph two of the syllabus:

"2. An interrogatory requiring the jury in a personal injury action, in the event the jury finds the defendant guilty of negligence, to specify the act or acts of negligence is a proper inquiry; and the failure or inability of the jury to find the existence of a claimed act of negligence, in answer to interrogatories so submitted, is equivalent to a finding on such claim of negligence against the party having the burden to establish it." See, also: *Miljak* v. *Boyle*, 93 Ohio App., 169, 112 N. E. (2d), 340.

The jury thus determined, notwithstanding the apparent inconsistency of the charge of the court (not, however, unfavorable to the plaintiff), that the only act of negligence on the part of the city was "In causing and permitting the bus to stop near the middle of Ontario Street, a distance of several feet from the easterly curb of said thoroughfare."

The jury so found, because the trial judge told the

jury that the city had a duty to discharge Mrs. Mills at a point not more than-one foot from the curb, unless it was impossible for the bus to get that close to the curb. If this was the duty the city owed Mrs. Mills, it became a duty only because the ordinance placed that requirement upon the city, for otherwise the general law on that subject defines the duty which the city transit system owed to her, which is to use the highest degree of care to provide Mrs. Mills a reasonably safe place to get off the bus. *Baier* v. *Cleveland Ry. Co.,* 132 Ohio St., 388, 8 N. E. (2d), 1; *Reining, Admx.,* v. *Northern Ohio Traction & Light Co.,* 107 Ohio St., 528, 140 N. E., 84; *Mahoning & Shenango Ry. & Light Co.* v. *Leedy,* 104 Ohio St., 487, 136 N. E., 198.

In the case of *Baier* v. *Cleveland Ry. Co., supra,* at p. 391, the court said:

"To establish actionable negligence it is fundamental that the one seeking recovery must show the existence of a duty on the part of the one sued not to subject the former to the injury complained of, a failure to observe such duty, and an injury resulting proximately therefrom."

It is well established that the "violation of a positive, specific and affirmative duty enjoined by statute or ordinance is negligence per se * * *." *Patton, Admx.,* v. *Pennsylvania Rd. Co.,* 136 Ohio St., 159, 24 N. E. (2d), 597.

However, where the negligence complained of is the violation of a duty enjoined by statute or ordinance, the plaintiff must show a causal connection between the injury received and the violation of the statute or ordinance. *Claypool* v. *Mohawk Motor, Inc.,* 155 Ohio St., 8, at p. 11, 97 N. E. (2d), 32.

Ohio thus follows the general rule that, where the act of negligence relied upon in an action to recover for claimed injuries consists of a violation of a statute or ordinance, such negligence is without legal con-

sequence unless it is the proximate cause of the injury. *Kelly* v. *Hathaway Bakeries,* 312 Mass., 297, 44 N. E. (2d), 654; *Richards* v. *Chicago, Rock Island & Pacific Ry. Co.,* 157 Kan., 378, 139 P. (2d), 427; *Baecher* v. *McFarland,* 183 Va., 1, 31 S. E. (2d), 279; 1 Shearman & Redfield on Negligence (Rev. Ed.), Section 17, at p. 39, and authorities there cited.

Was the violation of the ordinance in the instant case the proximate cause of the injury which Mrs. Mills claimed she received when she got off the bus?

The ordinance herein is, among other things, designed for the purpose of preventing traffic congestion and to provide for the free and safe flow of traffic upon the streets of the city of Cleveland. The ordinance was not enacted for the purpose of providing a passenger the right to step onto the curb when leaving the bus, since, by its terms, it permits a discharge of passengers at a point more than one foot from the curb when it is impossible to get that close, and, too, it also permits angle parking upon certain streets.

It is thus seen that, under the ordinance, a bus may discharge passengers at other points than one foot from the curb. The duty, then, which the city transit system owed to Mrs. Mills, remained that of exercising the highest degree of care to provide her a reasonably safe place to get off the bus, whether it was one foot or more or less from the curb.

In the case of *Rainey* v. *Cincinnati St. Ry. Co.,* 93 Ohio App., 376, 113 N. E. (2d), 665, a case very similar to the one now before us, the court, at pp. 385, 386, said:

"It is urged that the failure to stop within 12 inches of the curb was a violation of the ordinance and that that constituted negligence. We fail to see where that had anything to do with the plaintiff's injuries or that it constituted a violation of any duty owing to her by the defendant."

It must be remembered that the jury, in the instant case, found that the city of Cleveland was not guilty of the claimed acts of negligence set out in the specifications of negligence numbered 1, 4, 5 and 6. Number 1 of such specifications claimed that the city was guilty of negligence ''In failing to provide for the plaintiff a safe place at which to alight from said vehicle.''

Where, then, under the reply by the jury to the interrogatory, is the proximate cause of the injury which Mrs. Mills sustained, since the jury in effect found that she was provided a safe place to alight from the bus.

It is true that Mrs. Mills claimed that the distance from the lowest bus step to the street level was excessive, but the jury found adversely to her on this specification of negligence also, and, consequently, such complaint cannot be asserted as an act of negligence herein.

All of the credible evidence in the instant case tended to show that, at the place where the bus stopped to discharge Mrs. Mills, the street was level, it was at noon on a bright summer day, and the bus did not move or jerk as she got off.

Generally, what constitutes the proximate cause of an injury is a question for the jury; but where the facts, as found by the jury in the instant case, are not in dispute, it becomes a question of law for the court. *Cobb, Jr., Admr.,* v. *Bushey,* 152 Ohio St., 336, 89 N. E. (2d), 466.

The failure of the operator of the bus in this case to comply with the ordinance was not the proximate cause of the injuries sustained by Mrs. Mills. In other words, no legal consequence followed in this case from such violation of the ordinance.

Since the jury found that the only act of negligence was in stopping the bus ''near the middle of Ontario

Street, a distance of several feet from the easterly curb,'' and such place was not unsafe, the trial judge should have granted the motion of the city of Cleveland for judgment notwithstanding the verdict of the jury.

The judgment should be reversed, and final judgment awarded the city of Cleveland.

*Judgment reversed.*

DOYLE, P. J., and GRIFFITH, J., concur.

DOYLE, P. J., and HUNSICKER, J., of the Ninth Appellate District, and GRIFFITH, J., of the Seventh Appellate District, sitting by designation in the Eighth Appellate District.