SOMERVILLE, Plaintiff-Appellee, v. CLEVELAND (City) (Cleveland Transit System), Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24936. Decided February 18, 1960.

Mr. *Chester K. Gillespie*, for plaintiff-appellee.

Mr. *Robert F. Mooney* and Mr. *Richard J. McGraw*, for defendant-appellant.

*Per Curiam.* This is an appeal from a judgment of the Municipal Court of Cleveland wherein the plaintiff recovered a judgment against the defendant, The City of Cleveland (Cleveland Transit System) for alleged negligence while alighting from one of the defendant's trackless trolleys on Cedar Avenue near East 97th Street in the city of Cleveland.

There are five assignments of error but we are confining our consideration in this opinion to assignment of error numbers 4 and 5, in which it is claimed that the court committed prejudicial error in giving plaintiff's request to charge No. 3 over the objections of the defendant and in its general charge when it elaborated upon the special charge which had been given. The charge as given was as follows:

"I charge you that Section 9.0935 of the Municipal Code of the City of Cleveland, Ohio, reads in part as follows: '(c) No person shall stop, stand, or park a * * * trackless trolley in loading and unloading areas as provided in (a) hereof, except headed in the direction of traffic and with the right wheels of the vehicle not more than one foot from the curb or the edge of the roadway * * *.' "

An examination of Section 9.0935 of the Municipal Code of the city of Cleveland shows that the charge was incomplete and an incorrect statement inasmuch as it does not contain the qualifications set forth in the statute. The jury was instructed positively that if the right wheels of the vehicle were not more than one foot from the curb or the edge of the roadway it was a violation. Subsection C of the ordinance above quoted offers two alternatives to the prohibitions against stopping more than a foot from the curb:

1. When directed by a policeman, and
2. When said stop is impossible.

The court failed to explain these qualifications to the jury, and therefore its statement to the effect that the charges given it did not quote the entire ordinance and its failure to offer the qualifications mentioned could have no other effect than to mislead the jury in its consideration of this phase of the case.

We think that the court also erred in its general charge when it stated that a violation of the ordinance was "a prima facie case of negligence but not negligence per se." This error in the general charge compounds the error in the special charge No. 3 as given.

We think further that the charge as given is not pertinent to the issues in the case on the authority of *Rainey* v. *Cincinnati St. Ry.*, 93 Ohio App., 376, 113 N. E. 2d, 665, and *Mills* v. *City of Cleveland*, 97 Ohio App., 78, 117 N. E. 2d, 471. In the *Mills case*, that part of Judge Hunsicker's opinion which appears on page 84 seems to us to be sound. It reads as follows:

"It is thus seen that, under the ordinance, a bus may discharge passengers at other points than one foot from the curb. The duty, then, which the city transit system owed to Mrs. Mills, remained that of exercising the highest degree of care to provide her a reasonably safe place to get off the bus, whether it was one foot or more or less from the curb."

We are of the opinion that this case presents an issue for determination by the jury and therefore assignments of error 1, 2 and 3 are overruled.

For the reasons stated, judgment is reversed, and cause remanded for further proceedings according to law. Exceptions. Order see journal.

HURD, P. J., KOVACHY and SKEEL, JJ., concur.