James B. Gilbert, Washington, D. C., for appellant.

Anthony E. Grimaldi, Washington, D. C., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

Plaintiff brought this action charging that she was injured as a result of a bus driver's negligence in stopping beyond a bus stop and so near a sewer that in attempting to board the bus she slipped and fell. At the close of her case the trial court granted a defense motion for directed verdict, and this appeal followed.

From testimony and photographs the following facts were developed. Plaintiff was waiting for a bus at a stop on Connecticut Avenue north of Tilden Street. The bus stopped south of and beyond the marked stop, about two and one-half feet away from the curb, opposite a catch basin or sewer opening. At that point the street has

**Linda PERRINO, Appellant,**

v.

**D. C. TRANSIT SYSTEM, INC.,**
a corporation, Appellee.

**No. 3846.**

District of Columbia Court of Appeals.

Argued Feb. 21, 1966.

Decided April 15, 1966.

**520**

the usual incline toward the sewer opening. Plaintiff, being short (the record states 59 inches), was unable to step from the curb onto the bus; she reached unsuccessfully for the boarding handle, "couldn't seem to reach" the step, her right foot scraped the entrance step, and she fell to the ground. It was a clear, bright day.

■ We think a directed verdict was proper. Viewing the evidence in a light most favorable to plaintiff, the showing was not sufficient to make out a prima facie case. It left to speculation the initial question as to what caused the fall; it did not come close to establishing whether plaintiff fell because she was attempting, for one of her height, too long a step from the curb to the bus, or from the inclined street level to the bus, or for some other reason.

■ Nor was there proof of negligence on the part of the bus operator. Stopping a bus two and one half feet from a curb on an inclined portion of a street does not in itself constitute negligence. Meelhein v. Public Service Coordinated Transport, 121 N.J.L. 163, 1 A.2d 418 (1938); see Marshall v. Capital Transit Company, 95 U.S.App.D.C. 1, 216 F.2d 636 (1954) and cases there cited. This is also the rule as to stopping at a point not designated as a bus stop. Virginia Electric & Power Co. v. Thomas, 180 Va. 292, 23 S.E.2d 148 (1942); see Greco v. Public Service Interstate Transp. Co., 135 N.J.L. 280, 51 A.2d 1 (Ct.App.1947). See also MacDonald v. Philadelphia Rural Transit Co., 147 Pa.Super. 220, 24 A.2d 37 (1942).[1]

We think it is clear that plaintiff in this case presented no evidence to support a verdict in her favor under the established law of this jurisdiction. Kieffer v. Capital Transit Co., 94 U.S.App.D.C. 95, 214 F.2d

241 (1954); Jackson v. Capital Transit Co., 69 App.D.C. 147, 99 F.2d 380 (1938), cert. denied, 306 U.S. 630, 59 S.Ct. 464, 83 L.Ed. 1032 (1939).

Affirmed.

---

1. It has been held that a city ordinance establishing the location of bus stops has no bearing on the liability of a carrier which stopped in a non-statutory location, the use of that location being dictated by city traffic congestion and tie ups. Virginia Electric & Power Co. v. Thomas, 180 Va. 292, 23 S.E.2d 148 (1942).