JAXON v. CITY OF DETROIT, D.S.R.

1. CARRIERS—BUS COMPANY—DISCHARGE OF PASSENGERS AT SAFE PLACE.

A bus company does have a duty to discharge its passengers at a reasonably safe place.

2. SAME—NEGLIGENCE—DISCHARGE OF PASSENGERS.

No actionable negligence is shown where bus pulled to within 3 or 4 feet of the curb to discharge passengers and the only unsafe feature of the place of discharge was that the plaintiff thought she was stepping onto the curb, misjudged her step, and was injured, no breach of duty to passenger being shown.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  14 Am Jur 2d, Carriers § 984.
Liability of motorbus carrier to passenger injured through fall while alighting from vehicle. 9 ALR2d 938.
[3, 4]  14 Am Jur 2d, Carriers § 991.

3. Same—Passengers—Alighting into Obvious Danger—Contributory Negligence.

A passenger who alights from a bus with as good an opportunity as the driver to observe the conditions which confront him and to know whether such conditions are dangerous to him in an attempt to alight and is injured while alighting in such a dangerous position is guilty of contributory negligence precluding recovery.

4. Same—Negligence—Passenger Alighting from a Bus—Contributory Negligence.

Plaintiff who alighted from a bus, after two passengers had alighted safely, without even observing where she was to alight, was guilty of a disregard for her own safety which was contributory negligence as a matter of law, and the cause of her fall.

Appeal from Wayne; Canham (James N.), J. Submitted Division 1 June 1, 1966, at Detroit. (Docket Nos. 1,066, 1,067.) Decided July 12, 1966. Leave to appeal granted by Supreme Court September 8, 1966. See 378 Mich 731, 379 Mich 405.

Declaration by Della Jaxon against Department of Street Railways of City of Detroit, a municipal corporation, for damages resulting from personal injuries to plaintiff while alighting from a bus. Derivative action by Albert Jaxon against the same defendant. Cases were heard together and resulted in verdicts and judgments for plaintiffs. Defendant appeals. Reversed and remanded for entry of judgment for defendant notwithstanding the verdicts for plaintiffs.

*Goodman, Crockett, Eden, Robb & Philo (William H. Goodman, of counsel),* for plaintiffs.

*Manuel Zechman* and *David Grainer,* for defendant.

Quinn, J. Jury trial of Della Jaxon's negligence action and her husband's derivative suit in Wayne county circuit court resulted in jury verdicts favor-

able to them. Judgments entered thereon following the trial court's denial of defendant's motion for judgment notwithstanding the verdicts or in the alternative for a new trial. Defendant's appeal raises 4 questions for review, two of which will be discussed in this opinion.

May 21, 1961, Della Jaxon was a passenger on defendant's northbound Woodward avenue bus. When she alighted from the rear door at the bus stop at Davison, she fell and was injured. Mrs. Jaxon had used defendant's buses for similar trips once or twice a week for 17 years and during this time, the buses had stopped next to the curb on which she stepped when she disembarked. On the day of her fall, the bus stopped 3 to 4 feet from the curb because another vehicle was in the lane next to the curb at or near the bus stop. Two other passengers disembarked safely ahead of Mrs. Jaxon; she expected to step from bus to curb as usual, and in stepping the additional distance (about 9 inches) to the street, she lost her balance and fell. There was nothing on or in the street to cause the fall. Plaintiff had no notice or warning that the bus was out from the curb, nor did she look to see the position of the bus in relation to the curb. It was the rule and custom of defendant to let passengers off as close to the curb as possible.

Defendant first contends plaintiffs failed to prove any actionable negligence and its motions for directed verdict and judgment notwithstanding the verdict should have been granted. Defendant owed Della Jaxon a duty to discharge her at a reasonably safe place. *Woodard* v. *Saginaw City Lines, Inc.* (1961), 365 Mich 273. The record here discloses the only unsafe feature of the place of discharge was that the place was not where Mrs. Jaxon expected it to be. That this is not a sufficient showing that defendant breached its duty to her, see *Kerr* v. *Phila-*

*delphia Transportation Co.* (1958), 187 Pa Super 512 (144 A2d 584), and *Mills* v. *City of Cleveland* (1954), 97 Ohio App 78 (117 NE2d 471, 55 Ohio Op 310). We hold as a matter of law that no actionable negligence is shown on this record.

Defendant next contends that Della Jaxon was guilty of contributory negligence as a matter of law. In *Mitchell* v. *Stroh Brewery Co.* (1944), 309 Mich 231, 235, the Supreme Court adopted the rule stated in 1 Nellis on Street Railways (2d ed), p 619, § 308, as follows:

"But where a passenger in alighting from a car has as good an opportunity as the company or its servants to observe the conditions which confront him, and to know as well as they whether such conditions are dangerous to him in an attempt to alight, he is held to be guilty of contributory negligence precluding a recovery in case he is injured. If the street at the place of discharging a passenger presents a dangerous condition to one alighting there, and such danger is obvious to the passenger, the carrier is not liable to him for injuries received from such defects."

This rule was reiterated in *Paultanis* v. *Nutt* (1955), 342 Mich 335, 342.

Here two passengers alighted safely before Della Jaxon attempted to alight without even observing where she was to alight. Her disregard for her own safety was not only contributory negligence as a matter of law, it was the cause of her fall.

In view of the foregoing and the decision which follows, we find it unnecessary to discuss the last two questions raised by defendant.

Reversed and remanded for entry of judgment notwithstanding the verdicts in favor of defendant. Defendant may recover its costs.

J. H. GILLIS, P. J., and FITZGERALD, J., concurred.