## PEOPLE v COUSINS

1. CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS—DETERMINATIONS.

   A trial judge must determine whether a confession was voluntarily made at a hearing outside the presence of the jury.

2. CRIMINAL LAW—CONFESSIONS—COURT'S FINDINGS—VOLUNTARINESS —UNMISTAKABLE CLARITY.

   A trial judge with unmistakable clarity found a confession to be voluntary where he indicated after a Walker hearing that he was going to admit the statement made into evidence.

3. CRIMINAL LAW—EVIDENCE—OBJECTIONS—MISCARRIAGE OF JUSTICE —STATUTES.

   The Court of Appeals is limited to determining whether a miscarriage of justice resulted from the improper admission of evidence where there was no objection to the admission of the evidence at the trial (MCLA 769.26).

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—PRESUMPTIONS—INFERENCES.

   A jury instruction that "it is presumed that a reasonable being intends the ordinary, natural consequences of his or her voluntary act or acts" was not erroneous where the instructions taken as a whole properly informed the jury that the reference to the word "presume" was in reality a permissive inference.

Appeal from Recorder's Court of Detroit, Henry Heading, J. Submitted October 15, 1975, at Detroit. (Docket No. 21244.) Decided November 24, 1975. Leave to appeal denied, 396 Mich 835.

James W. Cousins was convicted of armed robbery. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Criminal Law §§ 523–596.
[3] 29 Am Jur 2d, Evidence § 610 et seq.
[4] 75 Am Jur 2d, Trial §§ 756, 785.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Ronald P. Weitzman,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and BASHARA and R. M. MAHER, JJ.

BASHARA, J. Defendant, James Williams Cousins, was convicted by a jury of armed robbery, MCLA 750.529; MSA 28.797, and appeals.

The defendant raises three issues on appeal. First, defendant argues that the trial judge erred at the close of the Walker hearing by failing to expressly find that the confession was voluntary before admitting it into evidence. At the conclusion of the Walker hearing defense counsel moved to exclude the confession as involuntary, while the prosecutor moved to admit it as voluntarily given. The trial judge ruled, "I am going to admit the statement".

Defendant relies on *Sims v Georgia,* 385 US 538; 87 S Ct 639; 17 L Ed 2d 593 (1967), and *United States v Goss,* 484 F2d 434 (CA 6, 1973), in support of his position. In *United States v Goss, supra,* at the close of a Walker-type hearing the defendant moved to suppress a confession as involuntary. The trial judge replied, "The motion is overruled". He then admitted the confession into evidence without further statement. The Court in *United States v Goss, supra,* 436–437, quoting *Sims v Georgia, supra,* 385 US 544; 87 S Ct 643; 17 L Ed 2d 598, stated:

" 'Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record *with unmistakable clarity.* Here there has been absolutely no ruling on that issue and it is therefore impossible to know whether the judge thought the confession voluntary.' "

The *Goss* court then held that the trial judge failed to make an adequate finding on whether or not the confession was voluntary.

We believe that *Goss* improperly applied *Sims* to its factual situation. In *Sims v Georgia, supra,* the record disclosed that the trial judge failed to rule on the voluntariness of a confession. It further appeared that the trial judge was following Georgia law which required the state to make out a prima facie case that the confession was voluntary. The issue was then submitted to the jury for a final determination. The record clearly indicated the trial judge improperly left the issue of voluntariness to the jury.

In Michigan the trial judge must determine at a hearing outside of the presence of the jury whether the confession was voluntarily made. *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965). When the trial judge ruled, "I am going to admit the statement", the record disclosed with *unmistakable clarity* that he had found the confession voluntary. We hold that when the trial judge indicates after a Walker hearing that he is going to admit the statement into evidence, he is with unmistakable clarity finding the confession voluntary.

Defendant next argues that the trial judge reversibly erred in allowing a police officer to read into evidence defendant's confession which had been reduced to a writing and signed by the de-

fendant. The statement was offered as substantive proof of guilt and was admissable under the hearsay exception of admissions of a party. *People v Livingston,* 57 Mich App 726, 731–732; 226 NW2d 704 (1975).

The prosecutor should have laid a foundation for the reading of the memorandum under past recollection recorded. *Jaxon v Detroit Department of Street Railways,* 379 Mich 405, 413; 151 NW2d 813 (1967), *People v Turner,* 59 Mich App 589, 595; 229 NW2d 861 (1975). However, no objection was made and our review is limited to whether there was a miscarriage of justice. MCLA 769.26; MSA 28.1096. There was no miscarriage of justice because on objection a proper foundation for the admission of the memorandum could have been laid.

Finally, defendant argues that the trial judge erred in instructing the jury that "it is presumed that a reasonable being intends the ordinary, natural consequences of his or her voluntary act or acts". The jury instructions must be considered as a whole. *People v Williams,* 208 Mich 586, 591; 175 NW 187 (1919). The instruction taken as a whole properly informed the jury that the reference to the word "presume" was in reality a permissive inference. *People v Rivera,* 61 Mich App 427; 232 NW2d 727 (1975), *People v Jordan,* 51 Mich App 710; 216 NW2d 71 (1974).

Affirmed.